Good morning, Counsel. Good morning, Your Honor, and may it please the Court, I will watch my time, but I'd like to save some time and rebuttal. Michael Marks, Federal Defenders for Ms. Ramirez. Excuse me. The District Court erred in denying Ms. Ramirez's motion to suppress her statement. The Court erred in a number of ways. I'd like to begin with and focus on the San Juan Cruz issue. This Court held in San Juan Cruz that when agents read two conflicting sets of rights, one that includes the right to a free attorney and one that does not, that is inherently confusing. At the end of the case, they said that the agents can clarify this confusion by indicating that the administrative rights that don't include the right to a free attorney no longer apply. I think the agents in this case tried to do that, but they didn't succeed. And there are a number of reasons why. First was they just had lousy Spanish. Throughout the advisal to Ms. Ramirez about her administrative rights and the administrative procedures, they uttered sentences like, your administrative rights no longer belong. They later said, there are several rights that belong to you. These are, excuse me, that you belong to. I counted seven six in brackets inserted by the government translator. And that all indicates that the Spanish was kind of shoddy. And in addition to that, the terms they used changed. So they said rights in the first iteration. Then they changed it to notices and then procedures. And those terms simply aren't interchangeable. Rights are not the same things as procedures. They're not the same things as notices. But I think the most important thing is that really what the agents did, if you look at the totality of the circumstances, is explain to Ms. Ramirez that she wasn't going to be removed anymore, but instead was going to be prosecuted for a crime or at least charged with a crime. And there are a number of reasons why that's true. If you look at the first statement, what they said was, at the start of this you were given an advisement of rights in which you asked to return to your country as soon as possible. So not an advisement of rights in which we told you that you didn't have the right to a free attorney, but that you had a right to contract one if you can afford one. They said, in which you asked to return to your country as soon as possible. Later on, the agent in clarifying says, when you got here they did up some simple documents, just a paragraph for you to choose whether you wanted to return to Mexico as soon as possible, or with this case, and again it gets a little garbled because the Spanish isn't great, or with this case in or against a judge. So again, the indication there is not the rights that we read to you, that you don't have a right to a free attorney, that those rights are going away, but rather you're not going to be removed anymore, you're going to be charged with a crime. Counsel, do you dispute that she understood that she was going to be charged with a crime? No. Okay, so you agree that she understood that she was going to be charged with a crime? I think that's true. Okay, and so your contention is that the difference between the right to an attorney in the administrative setting as opposed to the right to a free attorney in the criminal setting was not adequately explained. That's the crux of your argument? That's correct, Your Honor. And I think that's ultimately, I think the challenge in this case is, I think we all know what the agents were getting at. We're familiar with San Juan Cruz, we're familiar with the sort of advisal that has to come, we're lawyers. And so it's sometimes tempting to fill in and say, well, yeah, this wasn't perfect, but I kind of know what they were getting at. And that may be true, we know what they were getting at, but as San Juan Cruz instructs, we have to, you can't presume that the suspect knows what his or her rights are. Is your suggestion then that the court here should sort of develop a new Mirandize text for dual investigations so that it's abundantly clear, it needs to be absolutely clear that there are two different investigations going here and there are two different rights to a legal counsel? Your Honor, I personally think that would be helpful. This happens all the time in San Diego. There are these sorts of investigations that are half criminal and half administrative. So somebody who is removable but also charged with a crime, I think that sort of advisal would be happy, we'd be happy to have that. But it's certainly not necessary. No, no, no. It's certainly not necessary. I'm not asking the court to create a new rule. I think the rule is pretty clear from San Juan Cruz. This has to be made clear to the defendant, however you do it. I think certainly the law enforcement has decided, rather than leave it up to individual agents to make Miranda rights clear, we've created a pre-printed form that says, this is what you read to people, and then they have that translated into Spanish. This is what you read to somebody who speaks Spanish. It might be advisable for them to do that here too, but I don't think the court has to say, this is exactly what you need to say. The issue really is, here, were they clear about it? And I think it's abundantly clear that they were not clear about the advisable. So, counsel, the Miranda warnings were given. Yes. Correct? So what was it in the Miranda warnings themselves that was given that was incorrect in your view? Are you taking issue with the sentence that says, if you don't have the means to employ an attorney, one will be designated for you before any interrogation if you wish? Is that the sentence that you are taking issue with? Yes, Your Honor. And just to be clear before I explain why, the San Juan Cruz issue is apart from the Miranda issue. So whether or not, and this comes straight from San Juan Cruz, comes straight from Botella Rosales, Perez Lopez, they all say, even if you get the Miranda warning right, if there's a conflicting invalid warning, the fact that it was read correctly doesn't cure it. What issue are you raising? Are you raising the fact that the attempted administrative warning was inadequate, or are you raising the issue that the Miranda warning was inadequate? What precisely are you arguing? Okay. I have two issues, two issues before the court. The first issue is that Ms. Ramirez was read her administrative rights and her Miranda rights. That is inherently confusing, and the agents did not clarify that her administrative rights. But they didn't have them at the same time. No, they didn't. Number one, she was read her administrative rights, right? No claim that she didn't understand those. It's irrelevant, but no, that's not my claim, no. Number two, the agent said, you've been read some rights. Your situation has changed. Now you're going to be prosecuted. And he read her Miranda rights. Now, how does that violate San Juan Cruz? It violates San Juan Cruz because I think the step that Suppose the agent had said nothing about you've been read your rights and that now changes. But just as said, step one, we've read you your administrative rights. Time passes. You're now being charged, and now we're going to read you your Miranda rights. Would that be okay? No, Your Honor. In fact, I think that's precisely the fact pattern of San Juan Cruz. Because what he's got to say is what I read to you earlier is no longer operative. That's correct. Well, didn't he say that? No. I think he tried. Again, I think he tried. But to go back to the quotes, what he said. So here's the question. When he said rights, because they only mentioned rights once. They never mentioned the right to an attorney in regard to the administrative proceeding. I thought you said that was irrelevant once they moved to the criminal charges. Well, what he said, this is the point, is that they said we're going to the criminal proceeding. And they said these rights that we read before no longer apply. The question is what did Ms. Ramirez understand when they said the rights that we read before? So what they literally said was at the start of this you were given an advisement of rights in which you were asked to return to your country as soon as possible. Had they said at the beginning of this you were read a set of rights in which we advised you that you did not have the right to a free attorney, that right no longer applies. We would not be here. That's not what they said. What they said was misleading. Because what they're saying is your rights, your rights, the procedures, the notices, they use all those different words, relate to the ability to ask to go back to Mexico as quickly as possible. And they said you can't do that anymore. They said we're in a different, in other words, we're in a different arena now. You're going to be charged criminally so you can no longer ask to go back to your country. And here are your rights now. Right, and so what they need to clarify is that those old rights, the administrative rights no longer apply. And I don't think that if you read through their advisal they ever make that clear. She may have understood by her right she thought she had a right to go back to Mexico and they were saying you don't have that right any longer. And that's what she understood, not the difference between a paid and a free attorney. That's exactly my argument. I got you. All right. Thank you, counsel. We'll give you a minute for rebuttal. Good morning, counsel. Good morning, Your Honors, and may it please the court. My name is Andrew Chang and I represent the United States. In this case, the agents very clearly told the appellant to disregard her administrative rights and thus they complied with San Juan Cruz. Administrative rights, was there any evidence that she's taken administrative law in law school? No, no. Then what do administrative rights mean? Well, the agents, the appellant had conceded in her declaration that the agents had told her that she would be provided an attorney, but at no cost to the government, in relation to the procedures for deporting her. Is there a basis of thinking that she might believe that her administrative rights included the right to go back to Mexico? Well, I think the administrative rights included her right to go back to Mexico, but I think they were broader than that. And when the agents explained, when the agents engaged in a conversation with the appellant to explain the difference in the proceeding that she was about to enter into, they explained to her that those rights, referring to administrative rights, apply only in immigration procedures for deporting you from the United States. And so they were talking about the rights that they had previously given to her relative to immigration proceedings. And then after they explained that to her, they very clearly told her, now you're going to be arrested for federal crimes and you should understand that those administrative rights no longer belong. And then they cued her attention specifically to the Miranda warnings that are to follow. But they never told her, you had the right before to get an attorney if you could pay for him. Now we're going to charge you with a crime, and guess what? Now you can get an attorney when we pay for him. They never made that clear, did they? Well, under San Juan Cruz, what the agents have to do is to tell the defendant to disregard what they had told her about her administrative rights. And that requires her to remember what they told her, and they told her two things. You can go back to New Mexico and you can get an attorney if you can pay for him. That's correct. But I think, Ms. Chang, you agree with me. They never said, now this is what we're saying to you, and then told her about those two different rights. They said your administrative rights. I mean, they're administrative employees. They might use this language. But the question is, was the language adequate to tell her that now she had a right to a free attorney? Well, they said that when they gave her the Miranda warnings after. They said that when they gave her the Miranda warnings after. And they not only gave it to her orally, but they also provided a pre-printed form that she was to read and that she signed. And so, you know, when the agents told her, you should understand that the administrative rights no longer belong, and then they told her from now on, only the criminal rights that follow will apply to your case, they conveyed to her very clearly, now focus on the Miranda warnings that we're going to give you, because what we told you before, you should disregard. And so by saying that, they complied with San Juan Cruz. But in this case, the agents actually went above and beyond what was required in San Juan Cruz, because they told her a second time to disregard her administrative warnings by telling her the administrative notices they gave you, right, or for administrative proceeding, they no longer apply, because criminal charges will be filed against you. And then they proceeded even further than that by reminding her repeatedly, I believe at least three times, that the administrative procedures would be supplanted by criminal procedures and that they were shifting from one arena to another. And I think that's significant, because that never happened in San Juan Cruz. In San Juan Cruz, it was very vague sort of where they were at, whether they were in administrative proceedings or criminal proceedings. It was vague in San Juan Cruz, and it was not vague here. And so I believe that the agents very squarely complied with San Juan Cruz in this case. But even if the agents did err, the government, the error was harmless beyond a reasonable doubt, because I think it's important for the court to consider that the post-arrest statements that were made by the appellant was not a confession. It was merely introduced by the government in the second trial to show or to really cast doubt on appellant's story for why she was in the area where she picked up the alien in this case, Santiago. So it was not a confession, and its probative value really paled in comparison with the evidence of guilt, which was pretty overwhelming in this case. But there was a mistrial, wasn't there, in the first trial when this evidence was not presented? There was a mistrial, but I think it's important for the court to consider. Appellant argued in the brief that the post-arrest statement was the only difference between the first trial and the second trial. The government didn't introduce the post-arrest statements in the first trial, and they did introduce it in the second trial. But I think it's important for the court to consider that that was not the only difference. There was a second difference, and that evidence concerned evidence relating to a cell phone that was found in the appellant's vehicle that was missing a SIM card. In the first trial, the defense counsel, in closing, argued and really faulted the government for not presenting any evidence regarding the operation of that phone and for not conducting an investigation into finding the SIM card. And that closing argument can be found in record site 433 and 434. Defense counsel argued, even more importantly, there's no evidence that they even looked for it, referring to the SIM card. They didn't look for it because they didn't think it was important or that it had happened. So this was a classic argument faulting the quality of the government's investigation, and this can be quite effective. In the second trial, defense counsel did not argue this regarding the phone in closing. And the reason that they did not argue it is because in the second trial, the government presented evidence that the service provider had not even activated that phone. And so the phone, there was clear-cut evidence in the second trial that the phone was not used, and so it was not really relevant or at issue in the smuggling event. And that foreclosed defense counsel from making that argument in the second trial. And so that's a material difference in the second trial as well. Your Honors, I want to touch upon the third issue real quickly regarding the evidentiary hearing. The appellate has argued that the district court should have held an evidentiary hearing to resolve a factual dispute. I didn't argue that here today. What's that? Did not argue that here today. It was argued in the briefs. It was argued in the briefs that they should have held an evidentiary – And I'm running out of time here, but I want to quickly argue that the district court did not need to hold an evidentiary hearing. Under the case of United States v. Howell, the court only needs to hold an evidentiary hearing when the parties allege facts with enough specificity, clarity, and definitiveness to lead the district court to conclude that there is a disputed issue of fact. Here, there was no disputed issue. The government – both parties agreed about the translation of the Miranda warning. And the translation comes out to, if you do not have the means to employ an attorney, one will be designated for you before any interrogation, if you wish. The parties also did not dispute the meanings of specific words. At bottom, the declaration provided by the defense interpreter that the warning was ambiguous was facially inadequate to inform the judge that there was any ambiguity because he took issue with two things. One was the word means. In the declaration, he argued that the word means can mean more than one thing, and it was not limited to financial means. But the government did not dispute that below. The government agreed. And also, he argued that the word employed means that you have to pay for one's services. The government also did not dispute that below. The government agreed with that. And so the defense interpreter's declaration saying that it was ambiguous based on these two words simply was facially insufficient because when you put those words together in the negative, you get if you don't have the means to employ an attorney, which really can only translate to if you cannot afford an attorney. And so there was no dispute. Thank you, counsel. Thank you, Your Honor. Rebuttal. Rebuttal. Just to be clear, Judge Rollinson, I didn't mean to waive the second argument. I understand that. Normally, we just rely on the briefs if the arguments haven't been made. Sure, sure. I mean, I think the important point is that for the San Juan Cruz argument, you can assume that the Miranda warning was perfect. San Juan Cruz had a perfect Miranda warning. It's the conflicting rights that are really the problem. Let me ask you about this language in San Juan Cruz on page 389. We talked about the advisement being confusing, and we said Agent Clark could have rectified the situation easily by clarifying his statements or advising San Juan to disregard the administrative rights. I mean, we used that term, administrative rights, in favor of those that were read to him under Miranda. So why doesn't that language cover what was done in this case? Because, well, first of all, I think that that command requires that the agency use the same sort of unambiguous, precise language that one would require of the Miranda warning itself. And I think Judge Bea's question sort of got to the government, got my argument. I'm reading the actual language from San Juan. It didn't say the particular language has to be used or anything. It just says that the agent should have clarified his statements, didn't say how precise it had to be, or advising San Juan to disregard the administrative rights in favor of those that were read to him under Miranda. And what I think the agents did in this case is they told Ms. Ramirez to disregard her administrative right to seek a quick removal to Mexico. That is the best reading of what they said. But wasn't that akin to disregarding the administrative rights in favor of those that were read under Miranda? It's not, Your Honor. And the reason is that when San Juan Cruz says administrative rights, and this may go back to Judge Bea's questions, when it talks about administrative rights, it is not talking about all of your rights and removal proceedings. It's specifically referring, in the context of that case, to the right to an attorney but at no cost to the government. That's the particular right it's talking about. All right, we understand your argument. Thank you. Thank you, Your Honor. Thank you to both counsels. The case just argued by both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, Bea, Settle